IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DON TRIPP**

       Plaintiff**,**

v.     No. CIV 01-0177 BB/WWD

**CITY OF SOCORRO, OFFICER BOBBY ARAGON,
CAPTAIN ED BRITT and CHIEF JOHNNIE TRUJILLO**

       Defendants**.**

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's motion for leave to file an amended complaint (Doc. 28). This Court has reviewed the parties' submissions and the relevant authorities, and finds that Plaintiff's motion raises a significant issue of first impression concerning New Mexico law. This Court should therefore decline to exercise jurisdiction over the state law claim Plaintiff now wishes to raise.

As the parties are aware, summary judgment has already been granted on Plaintiff's excessive-force claim, leaving the malicious-prosecution claim as the only federal cause of action in the case. Following entry of the summary judgment, Plaintiff filed his request to amend the complaint to include a state-law claim for negligence leading to a battery, against Defendant Bobby Aragon. The amended complaint he wishes to file also, for the first time, identifies and separates the different causes of action Plaintiff is attempting to bring. The failure to do this

earlier, either in the complaint, a pretrial order, or the brief in response to the motion for summary judgment, has caused much of the confusion in this case.[1]

The vagueness of the complaint, coupled with the somewhat unusual manner in which the case has been litigated to date, have caused at least a portion of Plaintiff's state-law claims to be overlooked. Plaintiff's original complaint invoked the pendent jurisdiction of this Court to hear Plaintiff's state law claims. The complaint is sprinkled with factual allegations that might support state-law claims, such as malicious abuse of process, the battery claim specifically mentioned in the complaint, and negligent or grossly negligent acts by Officer Aragon's supervisors. Shortly after the complaint and answer were filed, the parties agreed to a stay of discovery to allow Defendants to file a motion for summary judgment, which according to the Magistrate's order was to be a motion "on Qualified Immunity Issues." (Doc. 14) It should be noted that the qualified immunity doctrine applies only to federal claims, and has no impact on any state-law claims Plaintiff might have been attempting to raise. Therefore, it appears to have been anticipated that the motion for summary judgment would impact only the federal claims.

The motion for summary judgment filed by Defendants was not limited to qualified immunity issues, however. Instead, the motion requests summary judgment on behalf of all Defendants, including the City, even though the qualified immunity doctrine applies only to individuals and not municipalities. The brief in support of the motion not only discusses the

---

[1]Plaintiff's original complaint contains 25 numbered paragraphs and a prayer for relief. There are no sections specifying the claims Plaintiff is attempting to raise, and the complaint does not mention malicious prosecution or malicious abuse of process by name. The only state-law claim specified in the complaint is the battery claim against Aragon, although the complaint does contain allegations that Captain Britt and Chief Trujillo acted negligently or recklessly in sending Aragon to the back of Plaintiff's house without properly training him or instructing him. The parties then agreed to dispense with an initial pretrial report, which might have clarified the claims Plaintiff was attempting to bring.

2

question of municipal liability but recites the normal summary judgment standard, not a qualified immunity standard. Finally, the brief mentions the state-law battery claim, stating that no battery claim can be viable where the officer acted reasonably in shooting Plaintiff.[2] This "discussion" of the battery claim was not separated in any way from the discussion of the excessive force issue.

Plaintiff's brief in response to the motion for summary judgment contained no mention of any state law claim, and did not respond in any way to the two-sentence discussion of the battery claim. Plaintiff's counsel apparently did not understand that Defendants were attempting to obtain summary judgment as to the entire case, rather than merely the federal claims. Counsel did not argue that Plaintiff's state-law claims were not at issue, or should not have been at issue, in the summary judgment proceedings. Given the somewhat obscure treatment of the battery claim in Defendants' brief, this might be understandable. However, the prudent thing for Plaintiff's counsel to do, upon receipt of this Court's opinion addressing the battery claim, would have been to point out that the claim was not subject to a qualified immunity analysis.

Since the Court did notice Defendants' treatment of the battery claim, and Plaintiff had not responded to the issue, the Court granted summary judgment on that claim as well. After reviewing the prior proceedings in the case, as well as the summary-judgment briefs, the Court now is of the opinion that justice requires Plaintiff be allowed an opportunity to specifically address the issue. The Court therefore withdraws the dismissal of the state-law battery claim.

In response to this Court's opinion granting summary judgment on a portion of Plaintiff's claims, including the battery claim, Plaintiff has filed the current request to amend his complaint.

---

[2]In the Court's previous opinion, the Court pointed out that the discussion of the battery claim encompassed one paragraph. That actually overstated the extent of the discussion. Defendant included two sentences, in a paragraph that appeared to be concluding the discussion concerning the constitutional excessive force claim, stating that "an assault and battery by the officer cannot lie as a matter of law" and citing two New Mexico cases.

3

He wishes to add a claim that Officer Aragon negligently placed himself in a position of having to use force, by entering Plaintiff's yard instead of remaining outside the wall.  This attempt to amend is apparently in response to a footnote included in the Court's prior opinion, which stated that "it might be possible to construct an argument that...negligence that causes a need to use force, while not enough to state a constitutional claim, might be sufficient in the state-law context."  The Court also noted that such an argument "would raise complex issues of state law..."  The Court continues to believe this argument raises complex issues of New Mexico law, which are of first impression in this state.  New Mexico has recognized that a law enforcement officer's negligence, which is a proximate cause of a battery committed by a third party, could be considered a battery under the Tort Claims Act.  *See, e.g., Blea v. City of Espanola*, 870 P.2d 755, 758-59 (N.M.App. 1994).  This is quite different, however, than saying that an officer's negligence, which creates a situation in which the officer uses reasonable or, at most, negligent force, might be considered an actionable battery.  *Cf. Sheridan v. United States*, 487 U.S. 392, 403 (1988) (recognizing a *negligence* claim under the federal tort claims statute, for allowing a foreseeably dangerous employee to be on the premises, even though employee's battery was intentional).

     Where a supplemental state-law claim raises a novel or complex issue of state law, this Court has discretion to decline to exercise jurisdiction over the claim.  *Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1310 (10th Cir. 1998); 28 U.S.C. § 1367(c).  In doing so, the Court must take into account values of judicial economy, convenience, fairness, and comity.  *Id.*  The only possible issue of fairness in this case appears to be the question of whether Plaintiff might be precluded from re-filing the supplemental state-law claims in state court, should this Court dismiss those claims.  Congress has prevented that possibility

from occurring, however, by enacting 28 U.S.C. § 1367(d).  This provision tolls the state statute of limitations for any claims over which this Court has exercised supplemental jurisdiction, for a period of thirty days following dismissal of those claims.  *See Beck v. Prupis*, 162 F.3d 1090, 1099-1100 (11th Cir. 1998); *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1267 (D.C.Cir. 1995).  In addition, New Mexico law appears to provide for tolling applicable statutes of limitation when a claim is filed first in federal court, and then dismissed due to the federal court's discretionary refusal to exercise jurisdiction over the claim.  *See Bracken v. Yates Petroleum Corp.*, 760 P.2d 155, 157-58 (N.M. 1988).

As the Court has already indicated, comity concerns weigh heavily in favor of allowing New Mexico's courts to decide whether, under the facts of this case, a viable law-enforcement-officer-battery claim might exist.  In addition, since this case was briefed at the outset rather than litigated, there is no real advantage in judicial economy in retaining the state-law claims in this Court.  For all of these reasons, the Court will decline to exercise supplemental jurisdiction over all state-law battery claims Plaintiff has raised or is attempting to raise, and will dismiss those claims without prejudice.

**Conclusion**

Based on the foregoing, the prior dismissal of Plaintiff's state-law battery claim will be withdrawn.  That claim will be dismissed without prejudice, due to this Court's refusal to exercise supplemental jurisdiction over it.  In addition, Plaintiff's request to amend his complaint to add a negligence-resulting-in-battery claim against Officer Aragon will be denied, as that claim should be pursued in state court along with the battery claims against the other Defendants.  The only claims remaining in this case will be the constitutional malicious-prosecution claim and the state-

law malicious-abuse-of-process claim.[3]  As to those claims, a hearing will be scheduled to allow Plaintiff an opportunity to inform the Court what discovery he believes is necessary in order to properly litigate the claims.

## ORDER

A memorandum opinion having been entered this date, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's state-law battery claims are DISMISSED without prejudice.  In addition, Plaintiff's motion to amend the complaint (Doc. 28) is DENIED without prejudice to Plaintiff's right to raise the claim in state court.

Dated this 5th day of December, 2002.

BRUCE D. BLACK
United States District Judge

**Attorneys:**
For Plaintiff
James C. Ellis

For Defendants
Virginia Anderman

---

[3] In Defendants' brief, they suggest that Plaintiff is attempting to raise a new constitutional claim in his motion to amend his complaint.  This is incorrect.  Instead, "new" claims involving seizure of Plaintiff's person are merely a restatement of his constitutional malicious prosecution claim, one of the elements of which is that a seizure of his person occurred as a result of the malicious prosecution.